**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FIRST SENIOR FINANCIAL GROUP, LLC et al. | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 12-cv-1247 |
| | : | |
| "WATCHDOG" et al. | : | |
| | : | |
| Defendants. | : | |

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
FOR SANCTIONS BASED ON SPOLIATION OF EVIDENCE BY DEFENDANT
WATCHDOG**

Defendant Watchdog hereby submits this supplemental brief in opposition to Plaintiffs'

Motion for Sanctions Based on Spoliation of Evidence (Doc. No. 134).

**I.      INTRODUCTION**

This Court held an evidentiary hearing regarding Plaintiffs' Motion for Sanctions Based

on Spoliation of Evidence (Doc. No. 134) on February 18, 2014. See generally Tr. of Evid.

Hearing Before the Hon. J. Curtis Joyner, Feb. 18, 2014 ("Hr'g Tr."). The evidence introduced

at the hearing validated what Watchdog submitted in her initial papers (Doc. No. 138) opposing

Plaintiffs' sanctions motion. Further, Plaintiffs' litigation decisions last month rendered any

prejudice caused by the alleged spoliation even more speculative than it already was.

**II.     PLAINTIFFS STILL CANNOT PROVE THAT WATCHDOG SPOLIATED
         EVIDENCE.**

"Spoliation occurs where: [1] the evidence was in the party's control; [2] the evidence is

relevant to the claims or defenses in the case; [3] there has been actual suppression or

withholding of evidence; and [4], the duty to preserve the evidence was reasonably foreseeable to

the party." See Bull v. United Parcel Serv., 665 F.3d 68, 73 (3d Cir. 2012) (citing Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 334 (3d Cir. 1995)). A finding of bad faith is essential before a court may sanction a party for spoliation. See id. at 79. Below Watchdog offers a summary of the hearing testimony demonstrating that Plaintiffs cannot prove spoliation.

A.  **Testimony relating to whether Watchdog exercised control over the Target Computer at the time of the alleged spoliation**

- Watchdog moved to Texas on June 28, 2013 and did not return to the Philadelphia area until the day before the hearing. See Hr'g Tr. 143:23-144:8, 151:17-18, 188:3-13, 189:8-193:6.

- Watchdog did not take the Target Computer to Texas. See id. at 57:22-24, 188:14-16.

- Watchdog could not have reinstalled Windows 7 on the Target Computer while she was in Texas. See id. at 97:20-25.

- At the time of the alleged spoliation, Watchdog did not possess a key to her mother's home or a fob to deactivate her mother's alarm system. See id. at 51:23-52:3, 152:18-22.

- Even before Watchdog moved to Texas, she was not always home. See id. at 68:20, 185:11-25.

B.  **Testimony relating to the relevance of any evidence discovered on the Target Computer**

- As of June 15, 2013, there were no files related to this case on the Target Computer. See id. at 186:10-17.

- Some search terms selected by Plaintiffs were susceptible to false positives or to matches that were not what Plaintiffs were actually seeking. See id. at 117:23-119:10.

- Any search terms resulting in hits on the Target Computer could have occurred because these terms appeared in pleadings or filings made in this very case. See id. at 135:12-19.

C.   **Testimony relating to whether any loss of evidence was due to suppression or withholding.**

- Multiple witnesses, including Watchdog, testified that they know nothing about anyone having deleted files from the Target Computer or having reinstalled the operating system. See id. at 45:13-21, 45:25-46:8, 176:23-177:8, 178:22-179:4, 194:20-195:4, 196:12-20.

- Multiple witnesses, including Watchdog, testified that they have no knowledge of file-wiping software on the Target Computer. See id. at 45:5-12, 71:3-5, 71:9-14, 195:5-196:5.

- CCleaner and Tracks Eraser Pro have features unrelated to file deletion, such as system optimization. See id. at 93:5-7, 127:3-17, 128:16-21.

- CCleaner is designed for cleaning system files, not personal files. See id. at 130:6-13

- The proposition that whoever employed CCleaner and Tracks Eraser Pro wanted to make sure that nothing survived on the Target Computer is "a bit of a jump." See id. at 101:5-9.

- Using Tracks Eraser Pro does not necessarily convey an intent to wipe files. See id. at 127:12-17.

- The independent forensic examiner does not know how CCleaner or Tracks Eraser Pro were used. See id. at 121:22-23, 128:13-15.

- Assuming that files were deleted using Tracks Eraser Pro, this may have occurred as a result of the system optimization utility. See 125:16-18.

D. **Testimony related to whether the duty to preserve evidence was reasonably foreseeable to Watchdog at the time of the alleged spoliation**

- Watchdog first learned that she had been sued in December 2012. See id. at 186:5-8.

- The independent forensic examiner does not know when Tracks Eraser Pro was used. See id. at 121:20-21.

III. **EVEN ASSUMING THAT SPOLIATION OCURRED, PLAINTIFFS STILL CANNOT SHOW PREJUDICE.**

If Plaintiffs could ever show any prejudice caused by the alleged spoliation, their recent actions in this litigation have even further minimized it. Since May 2013, Plaintiffs have justified the forensic examination as necessary to gather evidence needed to resolve Watchdog's Motion to Vacate the Default Judgment (Doc. No. 82), particularly to determine whether she received electronic service of process. (See Doc. No. 90; Doc. No. 95 at 1; Doc. No. 134 at 8, 14, 25.) Likewise, in moving for sanctions based on alleged spoliation, Plaintiffs argued:

> Brennan's spoliation has seriously undermined Plaintiffs' ability to prove that Brennan received the electronic service of process on August 30, 2012 and notice of the litigation. Proof of Brennan's actual receipt of service and notice of the litigation is a key part of Plaintiffs' opposition to the motion to vacate default judgment.

> Thus, Brennan's motion to vacate the default judgment should be
> denied.

(Doc. No. 134 at 25.) As the February 18 hearing neared, however, Plaintiffs abruptly withdrew

their opposition to Watchdog's motion to vacate. (See Doc. No. 146.) The Court vacated the

default shortly thereafter. (See Doc. No. 147.) Accordingly, whether Watchdog received

electronic service of process is no longer at issue—and any prejudice caused by Watchdog's

alleged spoliation has been minimized. Watchdog's counsel offered this argument during the

hearing; Plaintiffs did not respond. See Hr'g Tr. 22:23-23:23.

Further, any claim by Plaintiffs that the alleged spoliation impacts the ultimate merits of

this case would be questionable. On February 7, 2014—eleven days before the hearing—Plaintiffs

moved for leave to file a Second Amended Complaint. (See Doc. No. 148.) The Court granted

that motion. (See Doc. No. 152.)[1] The Second Amended Complaint differs greatly from its

predecessor:  Plaintiffs have dismissed seven defendants; abandoned their defamation claims

against all defendants; replaced the direct Lanham Act violation claim against Watchdog with a

contributory Lanham Act violation claim; and added a new claim of common law unfair

competition. (Compare Doc. No. 9 & Doc. No. 148-2.) Plaintiffs have failed to show that any

spoliation would affect the merits of this case regardless of which complaint is operative.

Finally, testimony at the hearing shows that Plaintiffs had ample opportunity to obtain a

forensic examination on the Target Computer before July 7, 2013—the date on which they allege

that the spoliation occurred. The independent forensic examiner testified that using the EZ

Imager would have been forensically equivalent to an in-person or in-lab collection. See Hr'g Tr.

---

[1] For reasons unknown, Plaintiffs have not yet filed this pleading.

113:4-14. As Watchdog previously noted, the EZ Imager option was made known to Plaintiffs on

June 15, 2013. (See Doc. No. 138 at 6.) Plaintiffs could have secured the forensic examination

weeks before the alleged spoliation date.

## IV.     PLAINTIFFS' DISTINCTION BETWEEN FAILING TO PRESERVE EVIDENCE AND SPOLIATING EVIDENCE IS WITHOUT MERIT.

Plaintiffs moved for sanctions against Watchdog "based on the spoliation of evidence"—

not for failure to preserve evidence. (See Doc. No. 134 at 3.) Apparently sensing that the case for

proving the former is weak, Plaintiffs attempted to emphasize the latter at the hearing. See Hr'g

Tr. 16:20, 204:9-14. For example, Plaintiffs' counsel stated:  "I think there's an important

distinction . . . between failing to preserve and affirmatively deleting." Id. at 204:9-14. Even if

Plaintiffs could change the basis of their motion midstream, the distinction that they seek to draw

would have no basis in law.

Failing to preserve evidence is merely one form of spoliation. See Bozic v. City of

Washington, Pa., 912 F. Supp. 2d 257, 266 (W.D. Pa. 2012) ("Spoliation includes 'the

destruction or significant alteration of evidence, or the failure to preserve . . . property for

another's use as evidence in pending or reasonably foreseeable litigation.'") Whether there is a

duty to preserve evidence—and consequently whether such a duty is violated—is only one

element in the test for whether spoliation has occurred. See Bull v. United Parcel Serv., Inc., 665

F.3d 68, 73, (3d Cir. 2012) ("Spoliation occurs where: the evidence was in the party's control;

the evidence is relevant to the claims or defenses in the case; there has been actual suppression or

withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the

party.") In 2012, the Third Circuit clarified that "a finding of bad faith is pivotal to a spoliation

determination." See 665 F.3d at 79. Interpreting this "bad faith" requirement, the U.S. District

Court for the Western District of Pennsylvania noted that "[a]lmost all of the district court cases applying *Bull* of which this Court is aware have declined to find spoliation where the party's conduct was no worse than negligent, or where the evidence was lost in the normal course of daily business or other similar activity." Bozic, 912 F. Supp. 2d at 270 (citing five district court decisions within Third Circuit). In other words, a failure to preserve relevant evidence is not sanctionable unless the movant can meet *all* of the elements in the Third Circuit's spoliation test.

## V.    THE COURT MAY NOT CONSIDER THE OPINION OF PLAINTIFFS' EXPERT.

Plaintiffs submitted a declaration by John B. McElhatton, a purported specialist in computer forensics, with their initial moving papers. (See Doc. No. 134 at 13, 15-16, 20; Doc. No. 134-1 at 25-30). Mr. McElhatton appeared at the hearing but did not testify for reasons unknown. See Hr'g Tr. 111:7-112:1. Thus, his declaration is hearsay and may not be considered by the Court. See F.R.E. 801(c), 804(a).

Even if Mr. McElhatton had testified at the hearing—and assuming that he qualified as an expert—the Court would have been required to disregard his testimony because it would not have been based on sufficient facts or data or the product of reliable principles and methods. See F.R.E. 702. Gary Hunt, the independent forensic expert, testified that an expert who offers an opinion based purely on another's report—as Mr. McElhatton did—cannot validate the data or the process. See Hr'g Tr. 134:15-19. Mr. McElhatton himself admits: "All conclusions about the gathered evidence must be backed not only by the basis for your expert's opinion, but also on confidence that the tools and methods are tested, reliable, and proven. To put it another way, both the product and the process have to be authenticated." See Wendy R. Leibowitz,

"Challenges and Opportunities of Digital Discovery," <u>Digital Discovery & e-Evidence</u>, July 2002, available at http://www.3dforensicsinc.com/uploads/Main/digitaldiscovery.pdf.

**VI.     <u>CONCLUSION</u>**

For the foregoing reasons and for those presented in Watchdog's initial opposition papers (Doc. No. 138), Watchdog respectfully requests that Plaintiffs' Motion for Sanctions Based on Spoliation be denied.

Respectfully,


By:     s/ _____
        Jonathan Z. Cohen, Esquire (PA ID No. 205941)
        175 Strafford Avenue, Suite 1 # 212
        Wayne, Pennsylvania 19087-3340
        Tel.:  (484) 580-8878
        Fax:   (215) 839-8951
        Email: jzc@jzc-law.com

        *Attorney for Defendant Watchdog*

Date:  March 13, 2014

8

## CERTIFICATE OF SERVICE

I, Jonathan Z. Cohen, attorney for Defendant Watchdog, certify that this document has

been filed electronically and is available for viewing and downloading from the ECF system.

The following parties have consented to electronic service:

**STANLEY B. CHEIKEN**
Sbc@cheikenlawfirm.com

**JONATHAN Z. COHEN**
jzc@jzc-law.com

**CHRISTA FRANK HIGH**
chigh@mmwr.com, klemma@mmwr.com

**NEIL E. JOKELSON**
neil@jokelson.com, monica@jokelson.com, efile@jokelson.com, angela@jokelson.com

**SIDNEY S. LIEBESMAN**
sliebesman@mmwr.com

**STEVEN PACHMAN**
spachman@mmwr.com, cbutler@mmwr.com

**K. CARRIE SARHANGI**
csarhangi@mmwr.com, jmwright@mmwr.com


s/
Jonathan Z. Cohen, Esquire (PA ID No. 205941)

*Attorney for Defendant Watchdog*

Date:  March 13, 2014