IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP CANNELLA et al. | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 12-cv-1247 |
| | : | |
| KRISTA C. BRENNAN et al. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT KRISTA C. BRENNAN'S RESPONSE TO PLAINTIFFS' POST-HEARING SUBMISSION IN SUPPORT OF THEIR MOTION FOR SANCTIONS BASED ON SPOLIATION OF EVIDENCE**

Defendant Krista C. Brennan hereby submits this response to Plaintiffs' Post-Hearing Submission in Support of Their Motion for Sanctions Based on Spoliation of Evidence (Doc. No. 153).[1]

**I.   INTRODUCTION**

On March 13, 2014, Plaintiffs argued for the first time that Ms. Brennan's counsel should share responsibility for all of the costs associated with the forensic examination and Plaintiff's Sanctions Motion. (See Doc. No. 153 at 2-3.) The barely disguised motivation for Plaintiffs' new position is that Ms. Brennan could not possibly afford to pay for the forensic examination—which was confirmed at the sanctions hearing. (See Doc. No. 153 at 2 ("Brennan appears to be judgment proof.")). In order to rationalize Plaintiffs' new position, Plaintiffs have had to fabricate a foundation of sanctionable acts by him.

---

[1] The Court permitted each party to respond to the other's post-hearing submission. (See Doc. No. 153-1 at 206, 209-210.)

1

II.  **PLAINTIFFS' ACCUSATIONS ABOUT MS. BRENNAN'S COUNSEL ARE MERITLESS DISTRACTIONS.**

Plaintiffs allege that Ms. Brennan's counsel should be sanctioned for: (1) lying to the Court about a telephone conversation between counsel that occurred in July 3, 2013; and (2) drafting an affidavit for Ms. Brennan's mother that was "full of self-serving allegations," sending it to her for execution while she "was in a rehab facility after falling gravely ill," and then submitting it to the Court without verifying its accuracy; and (3) for failing to "ensure preservation" of the Target Computer. (See Doc. No. 153 at 1-2, 7-8.) None of these assertions contain any merit; they are designed to draw the Court's focus away from the genuine issues at hand.

As for Plaintiffs' first assertion, Ms. Brennan's counsel submitted an affidavit on August 5, 2013 detailing his recollection of the July 3, 2013 telephone conversation. (See Doc. 112-1.) Ms. Brennan's counsel has never disputed that a telephone conversation with opposing counsel occurred on July 3, 2013, but he has always rejected the allegation that he told Plaintiffs' counsel that he would advise Ms. Brennan to deliberately conceal any copying from her mother. (See Doc. No. 112 at 7; Doc. No. 112-1 at 5-6.) Ms. Brennan's counsel was advised soon after the Court ordered the forensic examination that his client's mother had agreed to make the Target Computer available for examination. (See Doc. No. 112-1 at 2.) He further understood that Ms. Brennan had permission to use the Target Computer without supervision and without any restrictions—and did so frequently.[2] (Doc. No. 112 at 7; Doc. No. 112-1 at 5-6.) Ms. Brennan's

---

[2] This is actually one of Plaintiffs' proposed findings of fact. (See Doc. No. 153 at 4.) It is based on Ms. Brennan's own testimony. (See Doc. No. 153-1 at 155.) It contradicts the idea that Ms. Brennan could conceal any of her activities on the Target Computer from her mother.

2

counsel stands by his entire affidavit as well as his brief citing the affidavit. There was no false statement implicating Pennsylvania Rule of Professional Conduct 3.3.

Plaintiffs' next malignment of Ms. Brennan's counsel, regarding the declaration signed by Ms. Cantrell, cannot be taken seriously. The statements in Ms. Cantrell's declaration that Plaintiffs claim are false are: "Krista and I are far from the only individuals who ever accessed my computer. Before moving out of my home in West Chester, I frequently had guests who used my computer." (Doc. No. 153 at 9.) First, this is not necessarily false. At the hearing, Ms. Cantrell confirmed that people other than herself and Ms. Brennan used the computer. (See Doc. No. 153-1 at 42-45.) Ms. Brennan stated in a declaration that "other family members and individuals have used the Target Computer on many occasions." (See Doc. No. 138-1 at 2.) Thus it is clear that people other than Ms. Cantrell and Ms. Brennan used the Target Computer.

Second, the fact that a statement made by Ms. Cantrell at a hearing contradicts a prior statement that she made does not automatically lead to the conclusion that the prior statement was false and the latter one was true. Nor is it necessarily true that the variance in the statements is due to falsity at all—as opposed to a memory lapse or some other innocent explanation. Plaintiffs are jumping to conclusions not based on facts or common sense.

Third, even if Ms. Cantrell's statement in her declaration was false, Ms. Brennan's attorney would bear no responsibility for that unless he knew about it (no). There is nothing wrong with an attorney drafting an affidavit or declaration for a witness to sign, particularly when the attorney uses reasonable efforts to verify the accuracy of the document.[3] Prior to sending the

---

[3] Cf. Pa. R. Prof. Conduct 3.3 cmt. 3. ("An advocate is responsible for pleadings and other documents prepared for litigation, but is usually not required to have personal knowledge of matters asserted therein, for litigation documents ordinarily present assertions by the client, or by someone on the client's behalf, and not assertions by the lawyer.")

3

declaration to Ms. Cantrell for execution, Ms. Brennan's counsel interviewed her over the telephone and verified its accuracy line by line. When Ms. Brennan's counsel faxed the declaration to Ms. Cantrell, he stated that any inaccuracies in the declaration should be brought to his attention for correction. Ms. Cantrell did not do so and instead signed the declaration. Ms. Brennan's attorney was not aware of any evidence contradicting Ms. Cantrell's declaration at the time that it was filed with the Court, and Plaintiffs cannot point to any.

The final allegation made against Ms. Brennan's counsel is that he should be sanctioned for the "failure to ensure preservation" of the Target Computer. (See Doc. No. 153 at 2.) This allegation is factually and legally unsupportable: It is probably safe to assume that an attorney owes no duty to "ensure preservation" of evidence that is not within his possession, custody, or control and when no court order commands him to do so. Second, if such an unusual duty does exist, Plaintiffs present no evidence that Ms. Brennan's counsel failed to do everything in his power to ensure the preservation of the Target Computer.

## II.     RULE 11 DOES NOT APPLY.

Plaintiffs argue that Ms. Brennan's counsel should be sanctioned under Federal Rule of Civil Procedure 11. (See Doc. No. 153 at 7, 8, 10.) Even if Plaintiffs' accusations about Ms. Brennan's counsel were correct (no), Rule 11 would not apply because Plaintiffs' motion for sanctions was made under Rule 37 and it relates to discovery (see Doc. No. 134 at 16, 23-24). See Fed. R. Civ. P. 11(d).

## III.    28 U.S.C. § 1927 DOES NOT APPLY.

Without any analysis, Plaintiffs argue that Ms. Brennan's counsel should be sanctioned under 28 U.S.C. § 1927. (See Doc. No. 153 at 7-8.) That statute provides that "[a]ny attorney or

4

other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The standard for proving a Section 1927 violation essentially mirror the wording above, except that a showing of bad faith or intentional misconduct must also be shown. See Bright v. First Senior Fin. Grp., 2013 WL 3196392, *8 (E.D. Pa. June 24, 2013).[4] "Section 1927 must be strictly construed and used only in instances evidencing a 'serious and studied disregard for the orderly process of justice.'" Bright, 2013 WL 3196392, *11 (E.D. Pa. June 24, 2013) (quoting LaSalle Nat'l Bank v. First Conn. Holding Grp., 287 F.3d 279, 288-89 (3d Cir. 2002)). Even if bad faith or intentional conduct occurred here (no), there is no evidence that Ms. Brennan's counsel "multiplied the proceedings." The alleged misconduct takes the form of a few statements contained in a brief and a declaration filed in opposition to Plaintiffs' motion for sanctions. Accordingly, Section 1927 does not apply.

## IV.     THE INHERENT POWER TO SANCTION IS NOT WARRANTED HERE.

Plaintiffs argue that Ms. Brennan's counsel should be sanctioned under the Court's inherent power to do so. (See Doc. No. 153 at 7-8.) "Generally, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." Martin v. Brown, 63 F.3d 1252, 1265 (3d Cir. 1995). Proof of bad faith is usually required. In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 97 n. 3 (3d Cir. 2008). Inherent powers "'must be exercised with restraint and caution.'" In re Prudential Ins. Co.

---

[4] Bright recounts how Plaintiffs attempted to use Section 1927 to target another opposing attorney in an action before this Court less than a year ago. This Court rejected Plaintiffs' arguments then, and it should do so again here.

America Sales Practice Litig., 278 F.3d 175, 189 (3d Cir. 2002) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)). As detailed above, Ms. Brennan's counsel did not engage in misconduct or act in bad faith. Accordingly, there is no basis for the Court to impose sanctions under its inherent powers.

V. **CONCLUSION**

For the foregoing reasons and for those offered in Ms. Brennan's previous submissions in opposition to Plaintiffs' Motion for Sanctions, she respectfully requests that Plaintiffs' Motion for Sanctions be denied in full.

Respectfully,

By: s/_____
Jonathan Z. Cohen, Esquire (PA ID No. 205941)
175 Strafford Avenue, Suite 1 # 212
Wayne, Pennsylvania 19087-3340
Tel.: (484) 580-8878
Fax: (215) 839-8951
Email: jzc@jzc-law.com

*Attorney for Defendant Krista C. Brennan*

Date: March 27, 2014

## CERTIFICATE OF SERVICE

I, Jonathan Z. Cohen, attorney for Defendant Watchdog, certify that this document has been filed electronically and is available for viewing and downloading from the ECF system.

The following parties have consented to electronic service:

**STANLEY B. CHEIKEN**
Sbc@cheikenlawfirm.com

**JONATHAN Z. COHEN**
jzc@jzc-law.com

**CHRISTA FRANK HIGH**
chigh@mmwr.com, klemma@mmwr.com

**NEIL E. JOKELSON**
neil@jokelson.com, monica@jokelson.com, efile@jokelson.com, angela@jokelson.com

**SIDNEY S. LIEBESMAN**
sliebesman@mmwr.com

**STEVEN PACHMAN**
spachman@mmwr.com, cbutler@mmwr.com

**K. CARRIE SARHANGI**
csarhangi@mmwr.com, jmwright@mmwr.com

                                                 s/
                                        Jonathan Z. Cohen, Esquire (PA ID No. 205941)

                                        *Attorney for Defendant Watchdog*

Date:  March 27, 2014